STATE OF VERMONT

SUPERIOR COURT

ENVIRONMENTAL DIVISION
Docket No. 74-7-18 Vtec

City of Burlington v Khamnei

## ENTRY REGARDING MOTION

Count 1, Municipal Enforcement (74-7-18 Vtec)

Title:        Motion to Dismiss (Motion 3)
Filer:        Chris Khamnei
Attorney:     Pro Se
Filed Date:   October 1, 2018

Response filed on 10/15/2018 by Attorney Kimberlee J. Sturtevant for Plaintiff City of Burlington
        Opposition
Response filed on 10/18/2018 by Chris Khamnei, Defendant
        Reply

**The motion is DENIED.**

Defendant Chris Khamnei (Defendant) asks the Court to dismiss the City of Burlington's (City) Complaint for failure to state a valid claim.[1]  A motion for failure to state a claim may not be granted unless it is beyond doubt that there are no facts or circumstances that would entitle the City to relief.  Colby v. Umbrella, Inc., 2008 VT 20, ¶ 5, 184 Vt. 1 (citation omitted).  We take all well-pleaded factual allegations in the Complaint as true and "assume that the movant's contravening assertions are false."  Alger v. Dep't of Labor & Industry, 2006 VT 115, ¶ 12, 181 Vt. 309 (citation omitted).

In this matter, the City alleges ongoing violations relating to exterior storage and rental of space in the backyard without zoning approval and occupancy without a certificate of occupancy.  Though Defendant asserts that the violations have ceased, we take as true the City's allegation that the violations are ongoing.  Even if the violations are not ongoing, the City can bring an action to address prior violations that have ceased.  See In re Cote NOV, Nos. 273-11-06 Vtec, 165-8-07 Vtec, slip op. at 3 (Vt. Envtl. Ct. Dec. 5, 2007) (Durkin, J.) (noting that "remedial acts do not make . . . past zoning transgressions evaporate" so "violators who have cured may nonetheless be found to owe civil fines for their past violations" under 24 V.S.A. § 4451).  And

---

[1] Defendant also asserts that he is entitled to a jury trial in this matter.  He bases this argument on a misreading of 24 V.S.A. § 1974a(b).  This Court tries civil ordinance violations without a jury.  See In re Letourneau, 168 Vt. 539, 552 (1998); see also Reporter's Notes, V.R.E.C.P. 3 (noting that proceedings under the Rule are subject to applicable provisions of the Vermont Rules of Civil Procedure but that V.R.C.P. Rules 48-51, which relate to jury trials, "would be plainly inapplicable in proceedings as to which there was no right to a jury.").  Defendant's request for a jury trial is **DENIED**.

while Defendant challenges whether some of the violations ever existed, this is not yet established by the record.

We conclude that there are facts or circumstances relating to the City's Complaint that would entitle the City to relief. Defendant's motion is therefore **DENIED**.

So ordered.

Electronically signed on October 30, 2018 at 09:57 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
Kimberlee J. Sturtevant (ERN 4778), Attorney for Plaintiff City of Burlington
Defendant Chris Khamnei